UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>NICOLE MERRILL, JOHN MERRILL, AND DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-00401-TLN-KJN<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendants Nicole and John Miller's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–3.) For the reasons set forth below, Defendants' Motions to Proceed in Forma Pauperis (ECF Nos. 2-3) are DENIED as moot, and the Court hereby remands the action to the Superior Court of California, County of Butte, due to lack of subject-matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 3, 2019, Plaintiff Douglas Fisher ("Plaintiff") brought an action for unlawful detainer against Defendants for possession of the real property known as 1125 Sheridan Avenue, #51, Chico, California ("the Property"). (Notice of Removal, ECF No. 1, at 6.) On March 6, 2019, Defendants filed a Notice of Removal removing this unlawful detainer action from the Butte County Superior Court. (ECF No. 1.)

1

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendants removed the above-entitled action to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2; *see also* ECF No. 1-1.) Defendants argue that their Demurrer (which was previously overruled by the state court) "depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law." (ECF No. 1 at 2.) Even if the Court were to assume—without seeing it—that Defendants' Demurrer raises a federal defense to Plaintiff's unlawful detainer action, however, it is clear that the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 5-8.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, removal cannot be based on a defense, counterclaim,

cross-claim, or third party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, while Defendants seem to contend in the notice of removal that Plaintiff has violated a federal law, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint. *See Vaden*, 556 U.S. at 60-62.

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.　CONCLUSION**

For the reasons stated above, Defendants' motions to proceed in forma pauperis (ECF Nos. 2-3) are DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Butte.

IT IS SO ORDERED.

Dated: March 8, 2019

Troy L. Nunley
United States District Judge